USA v. Hahn                              CR-92-68-B      07/08/93

                    UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

        v.                              Criminal No. 92-68-15-B

Robert Hahn


                              O R D E R


     Robert Hahn has moved for a new trial pursuant to Rule 33 of

the Federal Rules of Criminal Procedure claiming that the

government failed to disclose exculpatory evidence.    The

evidence consists of a plea agreement disposing of criminal

charges brought in the United States District Court for the

District of Arizona against Roger Bradley, one of the

government's trial witnesses ("the Arizona Plea Agreement"), and

four investigative reports describing statements Bradley made to

government investigators.  Hahn contends that the Arizona Plea

Agreement contains incentives that induced Bradley to testify

falsely at trial.  Hahn contends that the investigative reports

contain statements by Bradley that are inconsistent with his

trial testimony on important matters such as the number of loads

of marijuana Bradley took to New Hampshire, New York and

Michigan, the location where Bradley picked up money generated

during the conspiracy, and Hahn's role in the conspiracy. Thus, he claims that a new trial is required because the failure of the government to produce this evidence prior to trial deprived him of vital impeachment evidence. For the reasons that follow, I deny Hahn's motion for a new trial.

## Discussion

United States v. Bagley, 473 U.S. 667 (1985), provides the standard against which Hahn's claim for a new trial must be tested.[1] In Bagley, the Supreme Court held that the government's

---

[1]Hahn incorrectly argues that his motion for a new trial must be judged under the standard adopted by the First Circuit Court of Appeals in United States v. Wright, 625 F.2d 1017, 1018 (1st Cir. 1980), and restated in United States v. Natanel, 938 F.2d 302, 313 (1st Cir. 1991). This standard applies to claims for a new trial based upon newly discovered evidence, not claims that a defendant has been deprived of his constitutional right to be provided with exculpatory evidence in the government's possession. Nevertheless, Hahn's claim for a new trial would fail even if it were governed by the Wright standard. With respect to the Arizona Plea Agreement, the agreement was known to Hahn and his failure to obtain it was due to a lack of diligence on his part. Moreover, all of the newly discovered evidence, at best, consists of cumulative impeachment evidence. Even if Hahn were granted a new trial after being provided with the newly discovered evidence, Hahn would probably not be acquitted. Thus, the new evidence fails to satisfy the Wright standard.

Hahn also argues that because the new evidence calls the truthfulness of Bradley's trial testimony into question, the court should order a new trial if the jury might have reached a different conclusion without Bradley's false testimony. See Natanel, 938 F.2d at 313. After reviewing the new evidence in

2

failure to produce exculpatory impeachment evidence will result in a new trial only if the withheld evidence is material. The court further determined that "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." 473 U.S. at 683; <u>see</u> <u>Barrett v. United States</u>, 965 F.2d 1184, 1189 (1st Cir. 1992); <u>see also</u>, <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>Brady v. Maryland</u>, 373 U.S. 83, 87-88 (1963).

In the present case, even if the withheld evidence is exculpatory,[2] it does not meet the test of materiality set forth

---

light of the testimony received at trial, I find no basis to question the truthfulness of Bradley's testimony. Thus, I would not accord Hahn a new trial on this basis even if the jury might have acquitted Hahn if Bradley's testimony had been excluded. Finally, even if I applied the less stringent test advocated by Hahn, I would not conclude from the new evidence that the jury might have reached a different conclusion without Bradley's testimony. The evidence of the defendant's guilt was overwhelming. Bradley's testimony, although important, was by no means decisive, nor is there any reasonable possibility that the jury would have reached a different conclusion even if Bradley's testimony had been excluded in its entirety.


[2]I assume without deciding that the evidence was withheld and that it was exculpatory. However, while it is not determinative, I note that there is no reason to question the government's contention that neither the prosecutor in this case nor any of the government's principal investigators ever had

in Bagley.  First, Hahn was provided with a copy of the New Hampshire plea agreement and made aware of the existence of the Arizona Plea Agreement well in advance of trial.  As the trial transcript demonstrates, the plea agreements were skillfully exploited by Hahn's counsel during his examination of Bradley.  At the conclusion of that examination, it was obvious to everyone in the courtroom that as a cooperating government witness facing significant prison time, Bradley had a compelling incentive to provide testimony that would incriminate Hahn.  The only information in the Arizona Plea Agreement that Hahn might not have been aware of prior to trial was the portion of the agreement in which the government agreed to recommend a 144-month cap on Bradley's Arizona sentence.  However, given Bradley's frank admission at trial that he had every expectation of receiving substantially lower sentences in Arizona and New Hampshire as a result of his cooperation, the information pertaining to the cap in the government's Arizona sentencing recommendation is cumulative impeachment evidence at best.  Moreover, the evidence produced at trial supporting the jury's verdict was overwhelming.  Accordingly, Hahn cannot establish

---

possession of the new evidence prior to the time the motion for new trial was filed.

4

that there is a reasonable probability that a different result would have ensued if the Arizona Plea Agreement had been produced prior to trial.[3]

Second, with respect to the investigative reports, I conclude that even if the reports could be considered exculpatory, they were certainly not material.[4] Rather than calling into question Bradley's testimony regarding the number of trips he had taken to New Hampshire as Hahn suggests, the undisclosed reports largely support Bradley's testimony on this point. Further, although one of the reports contained information that might have been helpful in challenging Bradley's trial testimony that he had picked up $1 million from the defendant in New York, the information was cumulative because another report providing the same information was produced to the

---

[3]I note, moreover, that the existence of the Arizona Plea Agreement was known to Hahn prior to trial. In view of the fact that Hahn sent his investigator to Tucson at government expense, he could easily have instructed the investigator to obtain the plea agreement from the Tucson courthouse. Further, the defendant at any time could have obtained the agreement simply by making a request of this court. Under these circumstances, Hahn has no basis for claiming that the government's failure to produce the Arizona Plea Agreement warrants a new trial. See e.g., United States v. Hicks, 848 F.2d 1, 4 (1st Cir. 1989).

[4]I also reject defendant's argument that the investigative reports qualify as Jenks material because there is no evidence that Bradley ever adopted any of the statements attributed to him in the reports.

defense and used effectively in cross-examination.  Finally, I can find nothing in the undisclosed reports that would have been helpful to Hahn in challenging Bradley's testimony regarding Hahn's role in the conspiracy.  Thus, even if these reports would have been helpful to the defendant, they are not material as defined in <u>Bagley</u> because they would have been cumulative to other impeachment evidence that was produced to the defendant prior to trial.

## Conclusion

Defendant's motion for a new trial (document no. 564) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

July 8, 1993

cc:  Paul Haley, Esq.
     United States Attorney
     United States Marshal
     United States Probation

6